invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50827.**—Protest 46361–K of H. & S. Pogue Co. (Cleveland).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 50828.**—Protests 46418–K, etc., of Hickey-Freeman Co. (Rochester).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50829.**—Protests 55991–K, etc., of Jaeger Co., Inc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 50830.**—Protest 56339–K of Jas. E. Caldwell & Co. (Philadelphia).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, JANUARY 21, 1946

No. 50831.—Petitions 6490–R, etc., of F. W. Woolworth Co. (Baltimore).

Opinion by COLE, J. Petitioner's witness testified that the shipments under consideration were the last, before the outbreak of the war, from the German manufacturers. The invoice prices used on entry had been in effect for 2 years, during which time they had been consistently used by petitioner in entering such and similar merchandise. After these entries were submitted to the customs authorities and before appraisement of the merchandise, petitioner conferred with the customs examiner who advised that special agents were conducting an investigation in Germany to determine market conditions and prices with respect to merchandise like that involved herein. Petitioner wrote to the foreign manufacturers urging that the information sought by customs authorities be furnished as soon as possible but because of the war, petitioner was never advised. Before the appraiser advanced the entered values, petitioner was offered the opportunity to amend these entries, but declined to do so, preferring to file appeals for reappraisement. The reappraisement appeals were subsequently abandoned since it was impossible to secure the necessary evidence. From an examination of the record and a consideration of all the facts, the court was satisfied that there was no attempt to withhold any facts or to deceive the customs officials in making the entries in question. The petitions were therefore granted.

JANUARY 16, 1946

No. 50832.—SUIT 4504.—
—*F. W. Myers & Co., Inc.* v. *United States*. C. D. 905 reversed. C. A. D. 319.

No. 50833.—SUIT 4532.—
—*United States* v. *Great Lakes Foundry Sand Co.* Abstract 50442. Appeal dismissed December 4, 1945.

BEFORE THE THIRD DIVISION, JANUARY 23, 1946

No. 50834.—Protests 110648–K, etc., of C. J. Tower & Sons et al. (Buffalo, etc.).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.